IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LEGACY HOUSING CORPORATION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:21-CV-1156-RP |
| CITY OF HORSESHOE BAY, TEXAS, HORSESHOE BAY PROPERTY OWNERS ASSOCIATION, JAFFE INTERESTS, LP, f/k/a HORSESHOE BAY RESORT LTD. f/k/a HORSESHOE BAY RESORT INC., and HORSESHOE BAY RESORT DEVELOPMENT, LLC, | § § § § § § § § § | |
| Defendants. | § § | |

**ORDER**

Before the Court is Plaintiff Legacy Housing Corporation's ("Plaintiff") Motion for Leave to File Third Amended Complaint. (Dkt. 90). Defendant City of Horseshoe Bay, Texas (the "City") filed a response in opposition, (Dkt. 92), and Defendants Horseshoe Bay Resort Development, LLC and Jaffe Interests, LP filed a response in opposition in which they concurred in the arguments set forth by the City, (Dkt. 93). The deadline to file amended pleadings was October 28, 2022. (Scheduling Order, Dkt. 34, at 2). The dispositive motions deadline was December 5, 2023, and trial is set for May 24, 2024. (Third Am. Scheduling Order, Dkt. 88). Having considered the parties' arguments, the record, and the relevant law, the Court will deny Plaintiff's motion.

Although under Federal Rule of Civil Procedure 15 a court "should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), Rule 16(b)'s more stringent standard "governs amendments of pleadings after a scheduling order deadline has expired." *S & W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b).

1

The good cause standard requires "the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enters.*, 315 F.3d at 535 (citation and quotation marks omitted). Only when the movant demonstrates good cause to modify the scheduling order "will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id.* at 536. Four factors are relevant to the good cause analysis: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Fahim v. Marriott Hotel Services, Inc.*, 551 F.3d 344, 348 (5th Cir. 2008) (quoting *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003)).

Three of the four factors tilt against granting Plaintiff's motion. First, Plaintiff does not offer any justification for waiting until October 27, 2023—just shy of a year after the deadline for amended pleadings has passed—to seek leave to file its third amended complaint. Instead, Plaintiff, citing Rule 15, argues in a conclusory fashion that its motion should be granted because "[n]o neglect occurred at this early stage of this case" and "no deadline has passed." (Mot., Dkt. 90, at 2). This argument is unpersuasive for three reasons. First, Plaintiff has cited the wrong rule in its motion; Rule 16 governs this motion because the scheduling order deadline has expired. *See S & W Enters., L.L.C.*, 315 F.3d at 536. Second, Plaintiff's assertion that this case is in an "early stage" is simply not true: This case was filed nearly two years ago, (*see* Compl., Dkt. 1); the Court has already decided a motion to dismiss in the case, (Order, Dkt. 89); discovery closed nearly five months ago, (*see* Third Am. Scheduling Order, Dkt. 77); and the deadline to file dispositive motions has recently passed, (*see id.*). Third, it is also not true that "no deadline has passed," as the deadline to submit amended pleadings passed over a year ago, on October 28, 2022. (Scheduling Order, Dkt. 34, at 2).

Even if Plaintiff had provided more than a thin explanation for its delay, Plaintiff would have faced an uphill battle in proving good cause. The present motion is Plaintiff's third motion for

leave to file an amended complaint, (*see* Dkts. 16, 40, 90), and the Court granted Plaintiff two previous opportunities to amend its complaint, (*see* Text Orders dated May 7 and November 7, 2022). In granting these amendments, the Court has already allowed a delay in the resolution of dispositive motions by mooting the City's first motion to dismiss, (Dkt. 21), after Plaintiff filed its Second Amended Complaint, (Dkt. 43). (Order, Dkt. 46). Further, Plaintiff's present motion comes after this Court issued an order, (Dkt. 89), adopting a report and recommendation and dismissing many of the claims that Plaintiff now wishes to replead. (*See* Mot., Dkt. 90). The Court finds that Plaintiff has had sufficient opportunities to plead facts to support its claims, and Plaintiff has offered no justification for its untimeliness in seeking an amendment to convince the Court otherwise.

Second, the amendment would be highly prejudicial to Defendants. Plaintiff seeks to replead facts in support of its § 1983 claims for violations of substantive and procedural due process, equal protection, and conspiracy. (Mot., Dkt. 90, at 2). These claims were dismissed by this Court, after it adopted the report and recommendation of United States Magistrate Judge Dustin M. Howell, (R. & R., Dkt. 82). (Order, Dkt. 89). Plaintiff asserts in a conclusory fashion that "Defendants will not be prejudiced" by its motion but does not provide any reasons for this belief. To the contrary, the Court finds that allowing Plaintiff to replead its dismissed § 1983 claims would prejudice Defendants because these claims would then be subject to a new round of dispositive motions. *See Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 239 (5th Cir. 2015) (explaining that "another round of dispositive motions" after a summary judgment motion had been filed would cause prejudice). Prejudice would be especially acute given that the dispositive motions deadline has now passed, and the parties have already filed various motions for summary judgment. (*See* Dkts. 101, 103, 104, 105). Allowing Plaintiff to revive its § 1983 claims at this time would almost certainly result in the City filing a third motion to dismiss these claims or would require the parties to amend their already-filed motions for summary judgment. In short, the amendment would cause Defendants undue prejudice.

Third, prejudice would not be cured by a continuance. As the Court has noted above, trial in this case is scheduled for May 24, 2024, less than six months away. A continuance at this stage would necessarily postpone trial due to the need for extensions of briefing schedules for a new round of dispositive motions and time for the Court to consider these motions in advance of trial. Furthermore, a continuance would not mitigate the need for another round of dispositive motions to address the new claim.

Because three out of the four factors relevant for good cause counsel strongly against granting Plaintiff's motion for leave to file a third amended complaint, the Court will deny the motion. Plaintiff has not demonstrated good cause to amend the scheduling order. Plaintiff has not offered a compelling justification for seeking leave to amend a year after the amended pleading deadline passed, the amendment would be highly prejudicial to Defendants, and the prejudice would not be cured by a continuance.

Because Plaintiff has failed to show good cause, **IT IS ORDERED** that Plaintiff's motion for leave to file a third amended complaint, (Dkt. 90), is **DENIED**.

**SIGNED** on December 14, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE