IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LEGACY HOUSING CORPORATION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:21-CV-1156-RP |
| CITY OF HORSESHOE BAY, TEXAS, HORSESHOE BAY PROPERTY OWNERS ASSOCIATION, JAFFE INTERESTS, LP, f/k/a HORSESHOE BAY RESORT LTD. f/k/a HORSESHOE BAY RESORT INC., and HORSESHOE BAY RESORT DEVELOPMENT, LLC, | § § § § § § § § § | |
| Defendants. | § | |

## ORDER

Before the Court is the report and recommendation of United States Magistrate Judge Dustin M. Howell concerning Plaintiff Legacy Housing Corporation's ("Legacy") motion for partial summary judgment, (Dkt. 103), Defendants' motions for summary judgment, (Dkts. 99, 101, 105), and Defendants Horseshoe Bay Resort Development ("HSBR Development") and Horseshoe Bay Property Owners Association's (the "POA") motion to strike summary judgment evidence, (Dkt. 113). (R. & R., Dkt. 127). Legacy timely filed objections to the report and recommendation. (Objs., Dkt. 128).

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court. 28 U.S.C. § 636(b)(1)(C). Because Legacy timely objected to the report and recommendation, the Court reviews the report and recommendation *de novo*. Having done so and for the reasons given in the

1

report and recommendation, the Court overrules Legacy's objections and adopts the report and recommendation as its own order.

In the report and recommendation, Judge Howell recommends that this Court grant the City of Horseshoe Bay (the "City") summary judgment on its counterclaims for breach of contract and breach of restrictive covenant. (R. & R., Dkt. 127, at 56). Judge Howell finds that the City is entitled to a declaratory judgment as to Legacy's breach of the Development Agreement and proposed future development of the ETJ property. (*Id.*). The Court agrees and will enter a declaratory judgment to that effect. In its amended motion for summary judgment, the City also requests injunctive relief on its counterclaims, asking that the Court "enjoin[] Legacy from continuing to use the roadway in a manner that violates the Development Agreement." (City's Am. Mot. Summ. J., Dkt. 105, at 19). It argues that it is entitled to injunctive relief because it has proven the merits of its counterclaims, Legacy's ongoing use of the road is an ongoing injury to the City's planning and development authority, and such an injunction will not disserve the public. (*Id.* at 19–20). While Legacy disputed that the City was entitled to summary judgment on its counterclaims, Legacy did not address the City's arguments as to why it would be entitled to injunctive relief if it succeeded on the merits of its counterclaims. (*See* Resp., Dkt. 111).

"The party seeking a permanent injunction must . . . establish (1) success on the merits; (2) that a failure to grant the injunction will result in irreparable injury; (3) that said injury outweighs any damage that the injunction will cause the opposing party; and (4) that the injunction will not disserve the public interest." *Env't Texas Citizen Lobby, Inc. v. ExxonMobil Corp.*, 824 F.3d 507, 533 (5th Cir. 2016) (internal quotation marks omitted). The Court finds that the requirements for a permanent injunction are met in this case. The City has succeeded on the merits of its breach of contract and restrictive covenant counterclaims. Legacy's ongoing use of the road on the ETJ Property in a manner that violates the Development Agreement would result in an ongoing and irreparable injury

2

to the City's planning and development authority in a way that cannot be compensated through money damages. This injury outweighs any harm Legacy will incur from having to remove the road because it constructed the road unlawfully, after having notice that its actions were not allowed under the Development Agreement and continuing to work on the road, even under the cover of night. (*See* R. & R., Dkt. 127, at 49). Last, limiting Legacy to the terms of the Development Agreement is in the public interest. To deny the City an injunction in this case would be a windfall to Legacy, rewarding it for its nefarious actions. Legacy can claim no valid public interest in violating lawfully formed restrictive covenants. Accordingly, the Court grants the City's request for injunctive relief and will issue a permanent injunction.

Additionally, Judge Howell recommends that this Court grant HSBR Development summary judgment on its counterclaims for breach of restrictive covenant and declaratory judgment. (R. & R., Dkt. 127, at 26). The Court agrees and will enter a declaratory judgment stating that Legacy's use of Lot K7156 for a road is not a permitted use for the lot and violates the Declaration of Reservations. In its motion for summary judgment, HSBR Development also requests injunctive relief on its counterclaims, requesting that the Court order "Legacy enjoined from maintaining the Roadway and requiring removal of the roadway and restoration of the property to its condition prior to Legacy's construction of the Roadway." (HSBR Development & Jaffe's Mot. Summ. J., Dkt. 99, at 10). While Legacy disputed that HSBR Development was entitled to summary judgment on its counterclaims, it again did not address HSBR Development's request for injunctive relief. (*See* Resp., Dkt. 107).

The Court also finds that the requirements for a permanent injunction are met as to HSBR Development and the road on Lot K7156. HSBR Development has succeeded on the merits of its breach of restrictive covenant counterclaims: Legacy built a roadway over Lot K51577 without first seeking permission of the Architectural Committee. Legacy's continued use of this road in violation of the Declaration of Reservations would result in an ongoing and irreparable injury to HSBR

Development's ability to enforce the Declaration in a way that cannot be compensated through money damages. This injury outweighs any injury Legacy will incur from removing the road because it knowingly constructed the road unlawfully. Last, limiting Legacy to the terms of the Declaration is in the public interest. As also explained above in the context of the ETJ property, it would not be just to deny injunctive relief here. Accordingly, the Court grants HSBR Development's request for injunctive relief and will issue a permanent injunction on its counterclaim.

For these reasons, the Court **ORDERS** that the report and recommendation of United States Magistrate Judge Dustin M. Howell, (Dkt. 127), is **ADOPTED**.

**IT IS FURTHER ORDERED** that HSBR Development and the POA's motion to strike summary judgment evidence, (Dkt. 113), is **DENIED**.

**IT IS FURTHER ORDERED** that Legacy's motion for partial summary judgment, (Dkt. 103), is **DENIED**.

**IT IS FINALLY ORDERED** that HSBR Development and Jaffe's motion for summary judgment, (Dkt. 99); the POA's motion for summary judgment; (Dkt. 101), and the City's amended motion for summary judgment, (Dkt. 105) are **GRANTED**. HSBR Development, Jaffe, the POA, and the City are entitled to summary judgment on all of Legacy's remaining claims against them. Further, HSBR Development and the City are entitled to summary judgment on their counterclaims against Legacy and injunctive and declaratory relief on those claims.

The Court will enter final judgment by separate order.

**SIGNED** on May 13, 2024.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE