**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **LEGACY HOUSING CORPORATION,**<br>**Plaintiff/Counter-Defendant**<br><br>**vs.**<br><br>**THE CITY OF HORSESHOE BAY, TEXAS, THE HORSESHOE BAY PROPERTY OWNERS ASSOCIATION, INC., JAFFE INTERESTS, LP f/k/a HORSESHOE BAY RESORT, LTD f/k/a HORSESHOE BAY RESORT, INC., AND HORSESHOE BAY RESORT DEVELOPMENT, LLC**<br><br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO. 1:21-CV-01156-RP** |

**DEFENDANT THE HORSESHOE BAY PROPERTY OWNERS ASSOCIATION, INC.'S MOTION FOR ATTORNEY'S FEES**

TO THE HONORABLE ROBERT PITMAN, UNITED STATES DISTRICT COURT JUDGE:

COMES NOW Defendant Horseshoe Bay Property Owners Association, Inc. ("Defendant" or "POA"), filing its Motion for Attorney Fees. Defendant hereby shows as follows:

## I. SUMMARY

The Court entered a Final Judgment in this matter on May 13, 2024 (Dkt. 130) awarding judgment in favor of all defendants. The Court further directed the parties to file motions for costs and attorney fees by May 28, 2024. Therefore, in accordance with Local Rule CV-54, Federal Rule of Civil Procedure 54, and this Court's Order, Defendant timely files its claim for attorney's fees. As required by Local Rule CV-54, this fee motion is supported by a chronologically organized accounting of counsels' time by activity or project, listing attorney name, date, and hours expended

on the particular activity or project, as well as an affidavit certifying (1) that the hours expended were actually expended on the topics stated, and (2) that the hours expended and rate claimed were reasonable. Exhibit A. The computation of fees is based on the lodestar method of multiplying the attorney's hours times an appropriate hourly rate for the relevant legal community and then applying the adjustment factors set out in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). The POA should be awarded its attorneys' fees pursuant to established law.

## II. PROCEDURAL BACKGROUND

Legacy Housing Corporation ("Plaintiff or Legacy") filed its Complaint in the matter at bar on December 20, 2021 (Dkt. 1). The POA filed its Original Answer on February 11, 2022 (Dkt. 12). Legacy filed its First Amended Complaint (Dkt. 19) on May 9, 2022. The POA filed its First Amended Answer to Legacy's First Amended Complaint (Dkt. 23) on May 31, 2022. The POA filed its Motion for Summary Judgment (Dkt. 101) on December 4, 2023, with Legacy filing a Motion for Partial Summary Judgment (Dkt. 103) on December 5, 2023. On December 19, 2023, Legacy filed a Response to the POA's Motion for Summary Judgment (Dkt. 109) and the POA filed a Response to Legacy's Partial Motion for Summary Judgment (Dkt. 114). Legacy filed its Reply to Legacy's Response to the POA's Motion for Summary Judgment (Dkt. 121) on January 5, 2024, along with its Amended Reply (Dkt. 123). Additionally, the POA's counsel attended ten (10) depositions—including the deposition of the POA's corporate representative as noticed by Legacy—and a full-day mediation that the POA's counsel hosted at their firm.

## III. ARGUMENTS AND AUTHORITIES

### A. The POA is entitled to recover its attorney's fees as a prevailing party on Legacy's Section 1983 claims.

Legacy brought various claims against Defendants—Horseshoe Bay Property Owners Association, Inc. (the "POA"), Jaffe Interests, Horseshoe Bay Resort Development ("Horseshoe Bay Development"), and the City of Horseshoe Bay (the "City")—relating to Legacy's development of 297 lots in Horseshoe Bay, Texas and its thwarted plan to construct a paved road through its ETJ property that was intended to connect this property to 26th Street in Horseshoe Bay South. This would have required construction over a greenbelt and one of Legacy's residentially zoned lots. Relevant to this motion, Legacy asserted claims under 42 U.S.C. § 1983 for deprivation of substantive due process, procedural due process, and the right to equal protection, along with a § 1983 conspiracy claim related to the POA's alleged interference with Legacy's property interests and investment backed expectations.

Section 1988 provides that "the court, in its discretion, may allow the prevailing party [in a section 1983 action] ... a reasonable attorney's fee." 42 U.S.C. § 1988. Although attorney's fees for prevailing plaintiffs are almost always awarded, attorney's fees for defendants are only awarded "upon a finding that that the plaintiff's action was frivolous, unreasonable, or without foundation." *Fox v. Vice*, 563 U.S. 826, 833, 131 S. Ct. 2205, 180 L.Ed.2d 45 (2011) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S. Ct. 694, 54 L.Ed.2d 648 (1978)). When determining whether to award attorney's fees to defendants, courts consider the following factors: (1) whether the plaintiffs established a prima facie case; (2) whether the defendants offered to settle; and (3) whether the court held a trial on the merits. *Myers v. City of West Monroe*, 211 F.3d 289, 292 (5th Cir. 2000).

Courts must look at the underlying suit to determine whether the "action was vexatious, frivolous, or without foundation ... because the mere dismissal of the plaintiffs['] suit will not *establish* that the underlying claim was frivolous, unreasonable, or groundless." *Dean v. Riser*, 240

F.3d 505, 512 (5th Cir. 2001). "In a suit involving both frivolous and non-frivolous claims, a defendant may recover the reasonable attorney's fees he expended solely because of the frivolous allegations." *Fox v. Vice*, 563 U.S. 826, 840–41, 131 S. Ct. 2205, 2218 (2011). A finding that the plaintiff "brought or continued such a claim in *bad faith*" provides "an even stronger basis for charging him with the attorney's fees incurred by the defense." *Christiansburg*, 434 U.S. at 422, 98 S.Ct. 694. The Fifth Circuit has generally affirmed attorney's fees awards, which are within the district court's discretion, when the plaintiff's claims lack "a basis in fact or rel[y] on an undisputably meritless legal theory." *Blanchard-Daigle v. Geers*, 802 Fed. Appx. 113, 121 (5th Cir. 2020) (quoting *Doe v. Silsbee Indep. Sch. Dist.*, 440 F. App'x. 421, 425 (5th Cir. 2011)).

1. The POA is a prevailing party.

Here, the Court entered a Final Judgment on May 13, 2024, awarding judgment in favor of defendants and dismissing all of Legacy's claims against the POA with prejudice. Dkt. 130. As such, the POA is considered a "prevailing party" under section 1988. *See Schwarz v. Folloder*, 767 F.2d 125, 130 (5th Cir. 1985) ("a dismissal with prejudice gives the defendant the full relief to which he is legally entitled and is tantamount to a judgment on the merits.").

2. Legacy's claims against the POA were frivolous, unreasonable, and without foundation.

*a. Legacy did not establish a prima facie case for any of its claims against the POA.*

In the magistrate court's report and recommendation from July 2023 regarding Legacy's claims against the City, the court found that "Legacy [had] not adequately pleaded that access to the POA's property in order to build a road across it [was] a protected property right." (Dkt. 82, p. 18; *see also id*. at 27 ("The undersigned has already found that Legacy has not pleaded facts sufficient to show that it has vested property rights in permits and access to the POA Greenbelt.")

Further, the court explained that "Legacy's due process conspiracy claim must fail because Legacy fails to show a violation of its constitutional rights." (Dkt. 82, p. 27.) And, although Legacy's section 1983 claims for violations of substantive and procedural due process, equal protection, and conspiracy claims were dismissed without prejudice, *id*. at 27, Legacy's civil conspiracy claim against the City was dismissed with prejudice, because it was clear that there were insufficient facts for such a claim. *Id*. at 28.

This report and recommendation, adopted in full by Judge Pitman on September 25, 2023, put Legacy on notice that its claims were fundamentally flawed and lacked merit. *Blanchard-Daigle v. Geers*, 802 Fed. App'x. 113, 122 (5th Cir. 2020) (noting the magistrate judge's report and recommendation in the first suit was enough to put the plaintiff on notice of the complaint's factual deficiencies). Thus, Legacy had ample opportunity to cure its Complaint's factual and legal deficiencies but failed to do so. Instead, Legacy doubled down on its strip-and-gore claim, which likewise lacked any legal or factual basis.

As a result, Judge Howell recommended, in April 2024—six months after the prior report and recommendation was adopted—to dismiss each of Legacy's claims against the POA. The magistrate court wrote, "Because the undersigned has found that the strip-and-gore doctrine does not apply, each of Legacy's claims as to the POA for civil conspiracy, § 1983 civil conspiracy, negligence, and declaratory judgment, based [on] Legacy's ownership of the greenbelt strip under the strip-and-gore doctrine fail." (Dkt. 127, pp. 26-27.) Importantly, the basis for the finding that the strip-and-gore doctrine did not apply relied on Legacy's inability to demonstrate a vested property interest in the greenbelt. *Id*. at 19. This was the same reasoning provided to Legacy for the prior dismissal of its claims against the City. (Dkt. 82, p. 27.) ("Legacy has not pleaded facts sufficient to show that it has vested property rights in permits and access to the POA Greenbelt.").

Therefore, not only did Legacy fail to plead a prima facie case for its civil conspiracy, § 1983 civil conspiracy, negligence, and declaratory judgment claims against the POA, it continued to aggressively prosecute these claims despite the Court's explanation of their deficiencies over six (6) months prior to their dismissal. In fact, a significant portion of the POA's fees and expenses were incurred after the City's motion to dismiss was granted, as demonstrated by the POA's billing records filed with the instant motion.

In addition, Legacy failed to establish a prima facie case for its breach of fiduciary duty claim against the POA, as the Court found that Legacy did not adequately describe any duty owed to Legacy to grant it access to the greenbelt strip. *See* Dkt. No. 127, pp. 27-29. Accordingly, the POA was granted summary judgment as to this claim as well. (Dkt. 129, p. 4.)

Lastly, the magistrate court found that "Legacy did not so much as plead that it met the requirements for records inspection under the Property Code . . .," and this Court dismissed said claim without prejudice for failure to state a claim. (Dkt. 127, pp. 29-30; Dkt. 129, p. 4.) Clearly, Legacy did not establish a prima facie case relating to its request for inspection of the POA records.

In sum, Legacy failed to establish a prima facie case as to any of its claims against the POA. Thus, this factor ways in favor of the frivolity of Legacy's claims and the awarding of attorney's fees to the POA.

*b. The POA attended a full-day mediation in good faith.*

"[W]hether a defendant offers to settle a case is of questionable value in determining whether the plaintiff's claims are frivolous." *Myers*, 211 F.3d at 292; *see also Hawkins v. Coleman*, 2011 WL 3100562, *2 (W.D.La. July 25, 2011) (noting "whether the defendants did or did not make a settlement offer in this case sheds no light on the merit of the plaintiff's claims").

Nevertheless, it is one of the factors a court considers when determining the frivolity of a case. Here, the parties attended a full-day mediation on November 2, 2023.

Prior to mediation, the POA and other defendants requested that Legacy provide an updated, written demand so that the parties could have productive and educated settlement negotiations during mediation; however, Legacy failed to do so, yet Defendants proceeded with mediation anyways as a sign of good faith. Ultimately, because the POA attended the mediation for over eight hours and participated in good faith, this factor weighs in favor awarding attorney's fees to the POA.

*c. The Court dismissed all of Legacy's claims against the POA on the merits.*

As referenced previously, the Court granted the POA's motion for summary judgment for each of Legacy's claims against the POA. *See generally* Dkts. 127, 129. Therefore, Legacy's claims were without foundation. *See Offord v. Parker*, 456 Fed. App'x. 472 (5th Cir. 2012) (district court did not abuse its discretion in awarding attorney fees to prevailing defendants under § 1988, in federal action where plaintiff failed to assert anything more than conclusory allegations of conspiracy in proposed amended complaint and claims against defendants were dismissed without trial); *Myers*, 211 F.3d at 293 ("These claims were dismissed before reaching the jury. While that alone is insufficient to support a finding of frivolity . . . it is clear that these claims were frivolous."). This factor weighs in favor of a finding that Legacy brought frivolous claims against the POA.

Based on the analysis of the foregoing factors, and as a prevailing defendant to a frivolous section 1983 action, the POA is entitled to recover attorney's fees, which are calculated below.

**B. The calculation of the lodestar supports the award of attorneys' fees in this case.**

1. The POA's attorneys' fees presented utilize a reasonable amount of time spent multiplied by a reasonable rate.

The POA seeks to recover attorney's fees in the amount of **$180,906.00**, plus an additional **$26,001.17** in litigation costs. The POA's attorney's fees and costs are reasonable for the detailed reasons set out below and in Stephanie Rojo's affidavit.

To determine a reasonable attorney's fee, the court must arrive at a "lodestar" figure by multiplying the hours [the prevailing party's] counsel reasonably spent on the litigation by a reasonable hourly rate. *Jane L. v. Bangerter*, 61 F.3d 1505, 1509 (10th Cir. 1995) (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). There is a "***strong presumption***" that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee. *Perdue v. Kenny A.,* 559 U.S. 542, 552 (2010) (emphasis added). As stated by the Fifth Circuit in *Migis*, the calculation of attorney's fees involves a well-established process. *See Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998).

First, the court calculates a "lodestar" fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers. *La. Power & Light Co. v. Kellstrom*, 50 F.3rd 319, 324 (5th Cir. 1995). The court then considers whether the lodestar figure should be adjusted upward or downward depending on the circumstances of the case. *Id.* The Court must determine a reasonable hourly market rate "for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum*, 465 U.S. 886 at 895; *Powell v. C.I.R.*, 891 F.2d 1167, 1173 (5th Cir. 1990). In this case, counsel for the POA has submitted a detailed affidavit setting forth undersigned counsel's years of experience, legal

education, and other qualifications, skill, and experience. *See* Affidavit of Stephanie Rojo. The POA has also submitted detailed time records which appropriately reflect contemporaneous recordation of time and repeated instances of the exercise of billing judgment. The hours reflected in the summary are reasonable. Also, the amount of time outlined in the invoices show each task in six-minute increments. In addition, current counsel has submitted a similar summary of time for the POA's incurred fees from prior counsel, the Weichart Law Firm.

Further, the hourly rates requested are reasonable. Here, $230.00 per hour for a Board Certified Labor and Employment lawyer who has been practicing law for over 20 years, $185.00 per hour for associates working under her supervision, and $105.00 for a senior paralegal working under her supervision, are more than reasonable for the market, and in fact are significantly lower than both market rates and the rates at which Ms. Rojo and her team frequently work, as these rates were negotiated by the POA's insurance carrier based on the volume of work sent to the law firm. *See* Affidavit of Stephanie Rojo; *see also, e.g., Miller v. Raytheon Co*., 2013 WL 1845586 (5th Cir. May 2, 2013) (affirming award of fees at rates of $577.50, $542.50, and $280, for employment attorneys of various experience); *Black v. SettlePou, P.C.*, 2014 WL 3534991, at 5 (N.D. Tex. July 14, 2014) (approving $450 for attorney with 12 years' experience—less experience than the attorney-in-charge in the case); *Preston Exploration Co., LP v. GSP, LLC*, 2013 WL 3229678 (S.D. Tex. June 25, 2013) (approving partner rates of up to $600 per hour); *Fluor Corp. v. Citadel Equity Fund Ltd*., 2011 WL 3820704, at 5 (N.D. Tex. Aug. 26, 2011) ("In other cases involving Texas lawyers, the hourly rates range from $220 for associates to $510 for senior partners."); *Chaparral Texas, L.P. v. W. Dale Morris, Inc*., 2009 WL 455282, at 5 (S.D. Tex. Feb. 23, 2009) (awarding fees at hourly rates of approximately $400 for litigator with 21 years of experience and $280 for a litigator with 6 years of experience); *In re Enron Corp. Sec., Derivative & "ERISA"*

*Litig.*, 586 F.Supp.2d 732, 781 & n. 61 (S.D. Tex. 2008) (finding an average hourly rate of $630 for partners to be justified). Additionally, the fees associated with the work performed by George Basham of the Weichert Law Firm before Thompson Coe's involvement, at a total of $1,600, are reasonable.

2. The *Johnson* Factors for calculating fees favor the POA's fees.

If more were needed, the *Johnson* factors support POA's argument. The *Johnson* factors were established by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). The twelve *Johnson* factors for reviewing fee applications include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19. *See Blanchard v. Bergeron*, 489 U.S. 87, 92 (1989); Affidavit of Stephanie Rojo.

i. *Time and Labor Required*. Approximately 1,131 total hours were required to represent the POA over the course of about two-and-a-half years of litigation. Counsel for POA have also attempted, where possible, to divide issues and matters among attorneys and staff instead of layering counsel on the same issues.

ii. *Novelty and Difficulty of the Questions*. Representation of POA involved issues relating to a variety of legal issues and questions made more difficult by the incoherent nature of Legacy's arguments.

iii. *Skill Required*. The case has required a fair amount of skill such as familiarity with Texas property law and the common law strip and gore doctrine, section 1983, Texas property owners' association law, as well as common practice.

iv. *Preclusion of Other Employment*. This representation has not caused significant dislocation or preclusion of other employment but has required preparation to defend the claims Legacy initiated and bring them to a conclusion.

v. *Customary Fee*. The fees are competitive for this region and customary for the degree of skill and expertise required by other experienced practitioners and other professionals in this district.

vi. *Fixed or Contingent Fee*. This representation was on an hourly basis that is comparable to the market.

vii. *Time Limitations*. Time limitations were not a substantial factor.

viii. *Amounts and Results*. The POA was successful on defending all claims brough by Legacy.

ix. *Experience, Reputation and Ability*. The undersigned counsel has years of experience working on HOA matters and has been actively involved in many similar cases in Texas. The undersigned counsel has a reputation for providing quality legal services without inefficiencies and duplications which occasionally occur during representations by other firms. *See* Affidavit of Stephanie Rojo.

x. *Undesirability of the Case*. There are no particularly undesirable features of this case.

xi. *Relationship with Client*. No prior relationship affects the fees here.

xii. *Awards in Similar Cases*. The compensation sought by the POA in this case is the commensurate rates sought by professionals in other cases in this district.

Overall, the relevant factors discussed above warrant the recovery of the POA's attorney's fees incurred as a result of Legacy's prosecution of its frivolous, unfounded claims against the POA and other defendants.

## IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Horseshoe Bay Property Owners Association, Inc. prays that this Court grant its Motion for Attorney Fees any such further relief as deemed just.

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**

By: */s/ Case Kennedy Donovan*
Stephanie S. Rojo
State Bar No. 24041815
Case K. Donovan
State Bar No. 24104394
2801 Via Fortuna; Suite 300
Austin, TX 78746
512-703-5047 (telephone)
512-708-8777 (fax)
srojo@thompsoncoe.com
cdonovan@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT HORSESHOE BAY PROPERTY OWNERS ASSOCIATION, INC.**

**CERTIFICATE OF CONFERENCE**

In accordance with Local Rule CV-54, the undersigned counsel conferred with Plaintiff's counsel on May 28, 2024 regarding this motion and its contents. At the time of filing this motion, Legacy's attorney has not responded, however, it presumed that Legacy opposes the POA's motion for attorney's fees.

*/s/ Case Kennedy Donovan*
Stephanie S. Rojo
Case K. Donovan

**CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2024, a true and correct copy of the foregoing document was served by electronic service using the Court's CM/ECF system in accordance with the Federal Rules of Civil Procedure upon all known parties and counsel of record, including the parties identified below.

J. Hampton Skelton
Alysia Wightman
**SKELTON & WOODY, PLLC**
248 Addie Roy Road; Suite B-302
Austin, Texas 78746
512-651-7000 (telephone)
512-651-7001 (fax)
hskelton@skeltonwoody.com
agwightman@skeltonwoody.com

**ATTORNEYS FOR PLAINTIFF LEGACY HOUSING CORPORATION**

Jeffrey D. Miller
Jennifer A. Lloyd
**MILLER LLOYD P.C.**
P.O. Box 302068
Austin, Texas 78703
500 West 5th Street; Suite 750
Austin, Texas 78701
jmiller@millerlloyd.com
jlloyd@millerlloyd.com

**ATTORNEYS FOR DEFENDANT JAFFE INTERESTS (f.k.a. Horseshoe Bay Resort, Inc.)**

Gunnar P. Seaquist
Cobby A. Caputo
Joshua D. Katz
**BICKERSTAFF HEATH DELGADO ACOSTA LLP**

3711 South MoPac Expressway
Building One; Suite 300
Austin, Texas 78746
512-472-8021 (telephone)
512-320-5638 (fax)
gseaquist@bickerstaff.com
ccaputo@bickerstaff.com
jkatz@bickerstaff.com

**ATTORNEYS FOR DEFENDANT**
**THE CITY OF HORSESHOE BAY, TEXAS**

*/s/ Case Kennedy Donovan*
Stephanie S. Rojo
Case K. Donovan